IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Vincent John Hall, aka Vincent J. Hall, formerly #281021,<br><br>                           Plaintiff,<br><br>     vs.<br><br>Sgt. Betty Ladson; and Capt. Johnny Sapp,<br><br>                          Defendants. | Civil Action No. 6:07-1040-RBH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This matter is before the court on the plaintiff's motion for immediate injunctive relief. The plaintiff, who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights were violated by the defendants while he was a detainee at the Dillon County Detention Center. A motion for summary judgment was filed on September 6, 2007. The plaintiff has not yet filed any opposition to that motion.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

       In his motion for injunctive relief, the plaintiff requests the following: (1) no lock down, or turn F Pod into an open pod; (2) stop opening detainees' legal and personal mail unless the detainee is present; and (3) allow the plaintiff to go to the county law library once a week (m. for inj. relief 1-2).

The defendants have filed their opposition to the plaintiff's motion, arguing that the relevant considerations weigh against granting the motion. In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

(a) The plaintiff's likelihood of success in the underlying dispute between the parties;

(b) whether the plaintiff will suffer irreparable injury if the injunction is not issued;

(c) the injury to the defendant if the injunction is issued; and

(d) the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193 (4th Cir. 1977). This court agrees with the defendants' contention that the plaintiff's motion for immediate injunctive relief is moot as the plaintiff is no longer an inmate at the Dillon County Detention Center, as evidenced by the Notice of Change of Address filed by the plaintiff on June 25, 2007.

Wherefore, based upon the foregoing, it is recommended that the plaintiff's motion for injunctive relief be rendered moot.

s/William M. Catoe
United States Magistrate Judge

October 24, 2007

Greenville, South Carolina

2