IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Vincent John Hall, aka Vincent J. Hall, formerly 281021,<br><br>       Plaintiff,<br><br>vs.<br><br>Sgt. Betty Ladson; and<br>Capt. Johnny Sapp,<br><br>       Defendants. | Civil Action No. 6:07-1040-RBH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

   This matter is before the court on the defendants' motion for summary judgment. The plaintiff, who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights were violated by the defendants while he was a detainee at the Dillon County Detention Center ("the detention center").

   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

   The defendants filed a motion for summary judgment on September 6, 2007. By order filed September 7, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure. The plaintiff filed his opposition to the motion on November 15, 2007.

## APPLICABLE LAW

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of

the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## **ANALYSIS**

The plaintiff alleges that defendant Ladson violated his Fourth Amendment rights when she searched his cell when he was away from his cell; violated his constitutional rights by "withholding plaintiff's mail, subscription newspaper without cause"; and "had an improper photo lineup that pertains to his charge in which his picture was highlighted." The plaintiff contends that defendant Sapp violated his constitutional rights by "placing [him] in lock down for no reason, cutting the water off not letting the plaintiff shower" (comp. 3).

Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). Where a pretrial detainee complains of prison conditions, the proper inquiry is whether the conditions of his confinement amount to punishment before a proper adjudication of guilt. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). Not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense. *Id.* (citing *Bell,* 441 U.S. at 53). Absent a showing of expressed intent to punish on the part of the correctional officials, the determination of whether a particular action is punitive turns on whether it was rationally connected to legitimate non-punitive governmental objectives and whether it was excessive

in relation to that purpose. *Bell*, 441 U.S. at 537-40; *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988).

Defendant Ladson is, and was at the time of the events alleged in the plaintiff's complaint, a sergeant at the detention center. As noted in defendant Ladson's affidavit submitted in support of summary judgment, her duties include supervising cell searches. The searches occur at random, approximately two or three times per month, and an entire pod area is searched. She further states that the purpose of the searches is to locate any contraband, such as weapons, which may pose a safety risk to officers and other inmates. She does not specifically recall whether or not the plaintiff was present in his cell during the search at issue in this case (Ladson aff.). However, even assuming the plaintiff was not present, it is clear that the purpose and method of the search were permissible under the *Wolfish* case analysis. Further, in *Block v. Rutherford*, 468 U.S. 576, 589-91 (1984), the Court held that searches of this nature violate neither detainees' rights under the Fourth Amendment nor the Due Process Clause of the Fourteenth Amendment. The plaintiff does not allege that he was deprived of any property as a result of the search, although defendant Ladson does note in her affidavit that an accumulation of old newspapers was removed. Based upon the foregoing, this claim fails.

The plaintiff next alleges that his mail and newspaper were withheld from him. In her affidavit, defendant Ladson testified that mail is usually delivered to inmates on the same day it is received from the post office. However, on rare occasions, when the detention center is especially busy, such as weekend visitation, mail may be delivered to inmates on the next day. She also notes that any legal mail, such as mail from an attorney, is always delivered to the inmate on the same day as delivery from the post office. Therefore, at most, there may be a one-day delay in an inmate receiving mail. With regard to the delivery of the plaintiff's newspaper, defendant Ladson notes in her affidavit that the newspaper was delivered through the United States Mail and, although the newspaper was

published daily, on some occasions two or three issues would be mailed together. On those occasions, the plaintiff would receive the current day's edition of the newspaper as well as the two previous days. Defendant Ladson testified that at no time was the plaintiff's newspaper subscription or mail withheld from him. The plaintiff has failed to come forward with any evidence supporting his claim that defendant Ladson violated his constitutional rights with regard to the delivery of his mail.

Another of defendant Ladson's duties at the detention center involves constructing photo lineups for law enforcement officers (Ladson aff.). The plaintiff claims that defendant Ladson used an improper photo lineup in his case by highlighting his picture (comp. 3). In her affidavit, defendant Ladson testified that she does not make any marks on photo lineups when she prepares them. It is her understanding that some law enforcement officers may mark or highlight, or have the identifying party mark or highlight, the photo lineup once a particular photo is chosen (Ladson aff.). Other than his own conclusory allegations, the plaintiff had failed to demonstrate that material facts exist which give rise to a genuine issue on this claim.

Lastly, the plaintiff alleges that defendant Johnny Sapp placed him in lockdown for no reason and cut the water off so that he could not take a shower. Defendant Sapp is, and was at the time of the incident alleged by the plaintiff, the detention center captain in charge of the day-to-day management and administration of the detention center. In his affidavit submitted in support of summary judgment, defendant Sapp testified that at no time was the plaintiff placed in lockdown for no reason. He recalls that on one occasion the plaintiff attempted to flood the pod in which he was located by stopping up the commode in his cell and repeatedly flushing it. When this situation occurs, water to the particular inmate's cell is turned off to prevent the inmate from flooding the pod. The water is turned back on periodically to permit the inmate to use the bathroom. Defendant Sapp does recall the water being turned off in this manner to the plaintiff's cell for a short period

of time – no more than a day. This would not, however, have affected the plaintiff's ability to shower as the shower is an open shower for the entire pod, and no shower is located within the individual cells. Again, the plaintiff has failed to show that the defendants violated his rights in any manner.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment (doc. no. 25) be granted.

                                                s/William M. Catoe
                                                United States Magistrate Judge

February 8, 2008

Greenville, South Carolina